UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

EMILY MORRISON.,                                :        21-Cv-1859 (SHS)

                Plaintiff,                      :        ORDER
   -v-
                                                     :

SCOTIA CAPITAL (USA) INC. and JAKE
LAWRENCE,                                       :

                Defendants.                   :

------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

      Defendants' request to adjourn the September 28 conference in this matter is granted. The conference shall take place on October 4 at 11:00 a.m. in Courtroom 23A.

      Currently pending is defendant Lawrence's motion to dismiss the claims against him under the New York State Human Rights Law and New York City Human Rights Law and New York Labor Law for lack of subject matter jurisdiction, and for failure to state a claim for relief. The Court grants Lawrence's motion to dismiss (1) the New York State Human Rights Law and the New York City Human Rights Law claims (Counts 3 and 4) against him on the grounds that plaintiff's allegations do not demonstrate sufficient impact in New York under *Hoffman v. Parade* Publs. 15 N.Y.S. 3d 285 (N.Y. 2010) and (2) plaintiff's New York Labor Law claim against Lawrence (Count 6) on the basis of the presumption against extraterritoriality. Hence, Lawrence's motion to dismiss the claims against him [Doc. No. 34] is granted in full.

      Scotia Capital (USA) Inc. has also moved to dismiss certain of Morrison's claims for lack of subject matter jurisdiction and for judgment on the pleadings [Doc. No. 37]. The Court denies Scotia's motion to dismiss Counts 3 and 4 against it: plaintiff's allegations against Scotia do meet the *Hoffman* standard. The Court grants the motion to dismiss plaintiff's New York Labor Law claim against Scotia (Count 6) on the basis of the presumption against territoriality.

      As to plaintiff's failure to promote claims, the Court dismisses those claims as either time-barred or on the merits; it denies Scotia's motion to dismiss Morrison's Title VII hostile work environment claim on the merits; it denies Morrison's Title VII retaliation claim to the extent they are within the 300 day period of limitations; it grants Scotia's motion to dismiss Morrison's pay discrimination claims that occurred prior to January 24, 2018 and Morrison's Equal Pay Act claim. The Court also denies the motion to dismiss plaintiff's Louisiana Employment Discrimination Law Claim.

The reasons for these determinations will be set forth in fuller measure on the record at the conference on October 4, 2023.

Dated: New York, New York
      September 15, 2023

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.