UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

EMILY MORRISON,

                          Plaintiff,

            v.

SCOTIA CAPITAL (USA) INC.,

                         Defendant.

21-CV-1859 (SHS)

OPINION & ORDER

---------------------------------------------------------

SIDNEY H. STEIN, U.S. District Judge.

    Plaintiff Emily Morrison brought this discrimination and harassment action in 2021 against her employer, Scotia Capital (USA), Inc. ("SCUSA"), and Jake Lawrence, SCUSA's Chief Executive Officer of Global Banking and Markets. Following the Court's Order on October 4, 2023 dismissing all claims in the First Amended Complaint against Lawrence and certain claims against SCUSA (ECF No. 51), Morrison now seeks leave to file a Second Amended Complaint. (ECF No. 59 ("Mot.").) For the reasons set forth below, the Court grants Morrison's request to add allegations covered by the Adult Survivors Act, but denies her request to add allegations supporting her failure-to-promote and equal pay claims.

## I. BACKGROUND

    The procedural history of this case already includes one amended complaint and two sets of motions to dismiss. Morrison initiated this action by filing a summons with notice in the Supreme Court of New York, New York County. (ECF No. 1.) Defendants then removed the action to this Court, where Morrison filed her complaint in September 2021. (ECF No. 16.) Each defendant then moved to dismiss the complaint in November 2021. (ECF Nos. 22, 25.) In the face of these motions to dismiss the complaint by both Lawrence and SCUSA, Morrison chose to file an Amended Complaint. (ECF No. 32.)

    Each defendant then moved to dismiss the Amended Complaint (ECF Nos. 34, 37), and the Court subsequently granted in part and denied in part those motions. (ECF Nos. 50-51.) The Court dismissed all claims against defendant Jake Lawrence, leaving SCUSA as the only remaining defendant. (*Id.*) Morrison then sought leave to file a Second Amended Complaint.[1] (Mot.)

    Morrison's proposed amendments fall into three categories. First, she seeks to add allegations that, around 2006, a male colleague forcibly touched her. She claims that this

---

[1] The current version of Morrison's proposed Second Amended Complaint ("Proposed SAC") is attached to her Reply in Support of Motion to Amend. (ECF No. 67.)

conduct now falls within the statute of limitations pursuant to the Adult Survivors Act ("ASA"), N.Y. C.P.L.R. § 214-j. Second, Morrison seeks to add allegations supporting her failure-to-promote claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Third, Morrison seeks to add allegations supporting her claim under the Equal Pay Act, 29 U.S.C. § 206(d) *et seq*. Both Morrison's equal pay and failure-to-promote claims were dismissed previously in the Court's October 4, 2023 Order (ECF No. 51), but Morrison writes now that, as to those claims, she "is simply tying together more succinctly allegations *already set forth* in the amended complaint to provide additional clarity." (Mot. at 1 (emphasis added).)

## II.  LEGAL STANDARD

Fed. R. Civ. P. 15(a)(2) provides that a Court "should freely give leave [to amend a pleading] when justice so requires." Although leave to amend is granted liberally, it may properly be denied if the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("futility of amendment" is a reason to deny leave to amend); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend."). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

In addition, because the relevant court order in this litigation provided that plaintiff's "last date to amend [the] complaint" was January 5, 2022 (ECF No. 30), Morrison must also satisfy the more restrictive standard of Fed. R. Civ. P. 16(b) that governs the modification of scheduling orders. *See Holmes v. Grubman,* 568 F.3d 329, 334 (2d Cir. 2009) ("Where, as here, a scheduling order governs amendments to the complaint . . . the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b)") (internal quotation marks omitted); *Soroof Trading Dev. Co. v. Ge Microgen, Inc.*, 283 F.R.D. 142, 148 (S.D.N.Y. 2012). Where the Court-ordered deadline for amending a complaint has passed, a plaintiff may amend "only up[on] a showing of the 'good cause' that is required to modify a scheduling order under Rule 16(b)(4)." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). A finding of good cause "depends on the diligence of the moving party," *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000), and, specifically, the movant's ability to show that "the applicable deadline could not have been reasonably met." *Int'l Techs. Mktg. v. Verint Sys.*, No. 1:15-cv-2457, 2019 U.S. Dist. LEXIS 43838, at *10 (S.D.N.Y. Mar. 15, 2019). In addition to primarily considering the movant's diligence, "[t]he district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice" the non-moving party. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

### III. ADULT SURVIVORS ACT ALLEGATIONS

The first proposed amendments relate to conduct that, but for the Adult Survivors Act, would be outside the statute of limitations. The ASA created a year-long window, which expired on November 23, 2023, for plaintiffs to bring certain sexual assault claims occurring in New York, even if those claims would otherwise be time-barred. N.Y. C.P.L.R. § 214-j. The conduct covered by the ASA includes "intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law." *Id*.

Morrison's proposed amendments include the allegation that around 2006, in New York, a male colleague "reached his hand toward [Morrison's] foot and started caressing the bottom of her foot in a sexual manner." (Proposed SAC ¶¶ 41-42.) In addition, the same colleague "regularly approached her from behind and wrapped his arms around her neck while pushing his body against her backside." (*Id*. ¶ 46.) Morrison alleges that these incidents constitute forcible touching under N.Y. Penal Law § 130.52. (*Id*. ¶ 387.)

#### A. Rule 16(b)

Because the ASA only became effective in November 2022, the proposed amendments regarding the ASA would have been time-barred as of January 5, 2022, the Court-ordered deadline for plaintiff to file the First Amended Complaint. Therefore, not including these allegations in the First Amended Complaint does not reflect a lack of diligence by plaintiff since they would have been time-barred before the passage of the ASA. In addition, the proposed inclusion of these allegations in the Second Amended Complaint does not unfairly prejudice SCUSA. Fact discovery is still ongoing, a trial date has not been set, and Morrison does not propose adding any new causes of action. *See Anzovino v. Wingate of Dutchess, Inc.*, 2022 U.S. Dist. LEXIS 209754, at *11 (S.D.N.Y. Nov. 18, 2022). Moreover, the newly added allegations are limited in scope to a single individual's conduct. Therefore, with regard to the proposed amendments concerning the ASA, Morrison has satisfied the good cause standard under Rule 16(b).

#### B. Rule 15(a)

Regarding the Rule 15(a) standard, SCUSA contends that the amendments should be disallowed as futile because the alleged conduct does not constitute forcible touching under the ASA. As set forth in the Penal Law:

> "A person is guilty of forcible touching when such person intentionally, and for no legitimate purpose[] forcibly touches the sexual or other intimate parts of another person for the purpose of degrading or abusing such person, or for the purpose of

3

gratifying the actor's sexual desire . . . For the purposes of this section, forcible touching includes squeezing, grabbing or pinching."

N.Y. Penal Law § 130.52.

SCUSA maintains that the statute's elements are not satisfied because (a) caressing Morrison's foot and "hugging" Morrison from behind are not sufficiently forcible, (b) no sexual or intimate parts of Morrison's body were touched, and (c) Morrison has not shown intent to degrade her, abuse her, or gratify sexual desire.

At the pleading stage, the facts alleged are sufficient to state a claim for forcible touching. First, as the New York Court of Appeals has determined, there is "a low threshold for the forcible component" of this statute and "when done with the relevant mens rea, any bodily contact involving the application of some level of pressure" qualifies. *People v. Guaman*, 22 N.Y.3d 678, 684 (2014). Morrison's allegations of "caressing" and "pushing" plausibly entail the requisite force under the statute's low threshold. (Proposed SAC ¶¶ 42, 46.) *See People v. Bartlett*, 89 A.D.3d 1453, 1454 (4th Dept. 2011) (finding evidence of "rubbing" and "pressing up against [one's] backside" legally sufficient to support a conviction for forcible touching). Second, New York courts have previously found that an individual's feet, neck, and buttocks may constitute intimate parts under Penal Law § 130.52. *See People v. Dunkley*, 79 Misc. 3d 703, 706 (Sup. Ct. N.Y. Cnty. 2023) ("Considering the totality of the circumstances, the children's feet clearly constitute 'intimate parts' of their bodies."); *People v. Sene*, 66 A.D.3d 427, 427 (1st Dept. 2009) (neck); *People v. Hatton*, 26 N.Y.3d 364, 366 (2015) (buttocks are "commonly accepted within society as sexual or intimate in nature"). Third, Morrison explicitly alleges that the conduct was performed "in a sexual manner" and that the employee continued to sexually pursue her. (Proposed SAC ¶¶ 42-47.)

Therefore, Morrison has sufficiently pled allegations supporting the applicability of the ASA and the Court grants her request to amend the complaint with the ASA-related additions contained in paragraphs 1, 41-47, and 386-388.

## IV. FAILURE-TO-PROMOTE ALLEGATIONS

In its decision issued on October 4, 2023, the Court dismissed as untimely all but one of Morrison's failure-to-promote claims and dismissed the remaining failure-to-promote claim for failure to state a claim. (ECF No. 58 ("Tr.") at 13-14.)

In order to establish a prima facie case of disparate treatment with respect to a failure-to-promote claim under Title VII, a plaintiff must show that (1) she is a member of a protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) she was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Tanvir v. N.Y.C. Health & Hosp. Corp.*, 480 F. App'x 620, 620 (2d Cir. 2012). "[T]o be excused from the specific application requirement, an employee must demonstrate that (1) the vacancy at

4

issue was not posted, and (2) the employee either had (a) no knowledge of the vacancy before it was filled or (b) attempted to apply for it through informal procedures endorsed by the employer." *Petrosino v. Bell Atl.*, 385 F.3d 210, 227 (2d Cir. 2004).

As the Court explained, the First Amended Complaint did not meet this standard. "Plaintiff, according to the amended complaint, did not apply for the job and was not subsequently rejected while SCUSA kept the position open." (Tr. 14.) Moreover, Morrison was not excluded from the specific application requirement. While she alleges that the desired position of sales manager was never posted, "nowhere in the amended complaint does she allege that she had no knowledge of the vacancy before it was filled or that she attempted to apply for it through informal procedures." (*Id*.)

In the Proposed SAC, Morrison attempts to support her exclusion from the specific application requirement with several new allegations, including that (a) her performance of the duties of sales manager constituted an informal application for the job, (b) she told her boss that she wanted to perform the duties of sales manager, (c) she anticipated applying once the position was posted, and (d) she had no knowledge that the vacancy was being filled. (Proposed SAC ¶¶ 300-301.)

### A. Rule 16(b)

For these failure-to-promote amendments, Morrison has not satisfied the good cause standard under Rule 16(b) for revising the Court-ordered deadline. Critically, the proposed additions do not involve any facts that were unavailable when the First Amended Complaint was due in January 2022. Plaintiff already had one opportunity to amend her complaint and these new allegations come nearly three years after the action was initiated. Plaintiff, therefore, has not exercised sufficient diligence under the Rule 16 standard. *See Soroof Trading Dev. Co.*, 283 F.R.D. at 147 ("[I]f the proposed amendment relies on information that the party knew or should have known prior to the deadline, leave to amend is properly denied.").

### B. Rule 15(a)

In any event, the amendments would be futile, as they are insufficient to revive her claims. Morrison acknowledges that the amended allegations were "already set forth in the [first] amended complaint" (Mot. at 1), and therefore were already dismissed. To the extent the allegations are new, they are still not sufficient to revive her claims. First, Morrison's allegations do not demonstrate an attempt to apply for the role through informal procedures endorsed by the employer. The fact that she applied for the same position when it was previously vacant (*id.* ¶ 299) was stated in the First Amended Complaint and already deemed insufficient to state a claim for the 2019 vacancy. Morrison cites no legal support for the claim that her performance of a sales manager's duties constituted an informal application to the role. Additionally, that claim is not plausible given that Morrison also

alleges she had been performing these same duties over the course of several years when the sales manager role was not vacant. (Proposed SAC ¶¶ 142-143.) Morrison also fails to plausibly allege that SCUSA had endorsed this procedure.

Second, Morrison does not credibly allege that she was unaware of the vacancy. Morrison admits that she was told in March 2019 that "Manager Doe #8 was resigning from his position." (Proposed SAC ¶ 281.) Moreover, it is inconsistent for Morrison to allege both that she "had no knowledge that the vacancy was being filled" and that she "was informally applying" for it. (Proposed SAC ¶ 300.)

Therefore, Morrison's request to add allegations supporting her failure-to-promote claim is denied.

## V. EQUAL PAY ACT ALLEGATIONS

In its oral decision on October 4, 2023, the Court also dismissed Morrison's Equal Pay Act claims. Morrison's claims based on conduct prior to January 29, 2018 were untimely, and the Court dismissed the remaining claims on the merits. (Tr. 21-22.)

"[T]o prove a violation of the [Equal Pay Act], a plaintiff must demonstrate that '(1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and (3) the jobs are performed under similar working conditions.'" *EEOC v. Port Auth. of N.Y. and N.J.*, 768 F.3d 247, 254–55 (2d Cir. 2014). "To satisfy this standard, a plaintiff must establish that the jobs entail common duties or content, and do not simply overlap in titles or classifications." *Id.* at 255. "The EEOC's regulations also define the statutory criteria underlying the equal work inquiry—equal skill, effort, and responsibility—by reference to actual job content." *Id.*

As the Court explained, Morrison's First Amended Complaint failed to meet this standard. Specifically, Morrison did "not plead that her male counterparts who received higher bonuses were performing substantially equal work under similar working conditions." (Tr. 21-22.)

In an attempt to revive these claims, Morrison proposes adding allegations that her male colleagues receiving higher bonuses "performed the same sales responsibilities" and were "similarly situated" to her. (Proposed SAC ¶¶ 192, 270, 272, 414.) Morrison also proposes adding two more substantive allegations, namely (1) a paragraph listing certain job responsibilities shared by her and Doe #10, a colleague who allegedly received a higher bonus (Proposed SAC ¶ 271), and (2) an allegation that two additional male employees, "who also ha[d] the same title, responsibilities, and performed the exact same functions as Plaintiff," received "between $25,000 and $50,000 more than Plaintiff in bonus compensation." (Proposed SAC ¶ 341.)

### A. Rule 16(b)

The proposed equal pay amendments do not satisfy Rule 16's good cause standard. As with the failure-to-promote amendments, these proposed additions do not contain any facts that were unavailable to plaintiff when the First Amended Complaint was due in January 2022. Plaintiff, therefore, has not exercised sufficient diligence under the Rule 16 standard. *See Soroof Trading Dev. Co.*, 283 F.R.D. at 147.

### B. Rule 15(a)

The amendments would also be futile under Rule 15(a). Morrison's First Amended Complaint already alleged that her male colleagues "were similarly situated." (Proposed SAC ¶ 402.) Adding the same or similar phrases in more places is not sufficient to revive her claims.

Next, Morrison's proposed paragraph 271, which lists job responsibilities shared with Doe #10, is not adequate to allege that the actual substance of their roles and responsibilities overlap. The list simply includes generic workplace responsibilities, such as "travelling, building relationships with clients," and "making phone calls." (Proposed SAC ¶ 271.) In addition, Morrison's claim that she and Doe #10 performed equal work is inconsistent with claims that her job involved a unique hybrid of analyst and sales manager duties. (Proposed SAC ¶¶ 272, 284, 299.) *See Dass v. City Univ. of New York*, No. 18-CV-11325, 2020 U.S. Dist. LEXIS 70420, at *19-20 (S.D.N.Y. Apr. 21, 2020) (dismissing an Equal Pay Act claim where plaintiff alleged her responsibilities were "unique" and finding it implausible that job responsibilities were substantially equal where plaintiff also alleged that her duties included tasks outside the scope of her role).

Finally, Morrison's allegation in paragraph 341 that two additional male employees received higher bonuses is conclusory and does not provide sufficient detail about the two male employees' job responsibilities. *See Port Authority*, 768 F.3d at 255 (allegation that employees held the same title is insufficient under the Equal Pay Act); *Dass*, 2020 U.S. Dist. LEXIS 70420, at *19 ("Plaintiff's mere parroting that other employees are 'similarly situated' to her coupled with conclusory allegations are insufficient to state an EPA claim.").

Therefore, because the proposed amendments do not satisfy Rule 16's good cause standard and are futile under Rule 15, the Court denies Morrison's request to add allegations supporting her Equal Pay Act claims.

### VI. CONCLUSION

In sum, the Court grants Morrison's request to add allegations covered by the Adult Survivors Act. Specifically, Morrison may file her Second Amended Complaint with the additions contained in paragraphs 1, 41-47, and 386-388. However, Morrison's requests to add allegations supporting her failure-to-promote and equal pay claims are denied.

Morrison is directed to file her Second Amended Complaint conforming to this Opinion and Order on or before December 7, 2023.

Dated: New York, New York
       December 1, 2023

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.