UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMILY MORRISON,<br><br>                              *Plaintiff,*<br><br>        v.<br><br>SCOTIA CAPITAL (USA) INC.,<br><br>                              *Defendants.* | Case No. 1:21-cv-01859-SHS<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

SIDNEY H. STEIN, District Judge:

    WHEREAS, Plaintiff Emily Morrison and Defendant Scotia Capital (USA) Inc. (each a "Party" and, together, the "Parties") anticipate the disclosure and/or exchange of confidential business, financial, trade secret or other proprietary information and documents in connection with the above-captioned lawsuit (the "Action"), which information and documents are treated as confidential by either Party; and

    WHEREAS, the Parties seek entry of this Stipulated Protective Order (the "Order") limiting use, access to, and disclosure of such information and documents, in accordance with Federal Rule of Civil Procedure 26(c); and

    WHEREAS, the Parties have conferred in good faith and have agreed upon the terms of this Order;

    THEREFORE, it is hereby stipulated and agreed by and among the Parties, subject to the Court's approval, that the following provisions shall govern the production or exchange of information, documents, and other material in connection with this Action:

A. **Definitions**

1. "Discovery Material" includes all information exchanged between the Parties, whether gathered through informal requests or communications between the Parties or their counsel or gathered through formal discovery conducted pursuant to Rules 30 through 36, and Rule 45. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

2. "Protected Information" means Discovery Material that is designated as "CONFIDENTIAL" by any of the supplying or receiving Parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. Protected Information consists of:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously non-disclosed material relating to ownership or control of any non-public company;

(c) previously non-disclosed business plans, product-development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual;

(e) medical information of any individual;

(f) previously non-disclosed, and not publicly available, personnel information (including without limitation internal personnel records of a person who is

    not a party to the case and human resources policies which have been previously designated by the Company as "Confidential," such that the word "Confidential" appears on the face of the document);

  (g) communications available only to a person with a password-protected email account;

  (h) information implicating a non-party's legitimate expectations of privacy;

  (i) income tax returns (including attached schedules and forms), Forms W-2, and Forms 1099;

  (j) any other category of information later identified in the course of discovery that either party determines in good faith merits confidential status, provided that the party meets and confers with the other party to define an appropriate description of said category; or

  (k) any other category of information given confidential status by this Court after the date of this Order.

Protected Information shall only be used for purposes of the litigation.

  3. "Producing Party" or "Designating Party" shall mean a Party to this action or a third party (including counsel for the Party or third party) who requests the protections provided by this Order, and who is producing Protected Information pursuant to any discovery request, subpoena, or otherwise.

  4. "Receiving Party" or "Non-Designating Party" shall mean the Party who is the recipient of Protected Information supplied by the Producing Party or Designating Party.

  5. "Outside Counsel of Record" shall mean the undersigned counsel who have executed this Order.

**B.     Designation Process**

6.     Any Protected Information may be designated by the Producing Party by affixing a legend or stamp on such document, information, or materials bearing the words "CONFIDENTIAL" at the time of production or disclosure, or by a Producing Party or Designating Party by designating the Protected Information in writing at any point thereafter. Protected Information as used in this Order shall refer to the original and copies of any so designated documents, testimony or other discovery material. All notes, extracts and summaries of materials marked CONFIDENTIAL shall be considered Protected Information and be subject to the terms of this Order.

> (a) A Producing Party or Designating Party may designate material CONFIDENTIAL if the Party has a good faith belief that the material constitutes or contains proprietary, sensitive or confidential technical, sales, marketing, financial, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons.

7.     **Documents**. No designation of documents as Protected Information shall be effective unless there is placed or affixed on each designated page of such material the following markings prior to its production: CONFIDENTIAL (or in the case of electronic versions of spreadsheets and other documents, such designation may be made on the physical media (e.g., CD Rom disc) containing such electronic version).

8.     If a Party that has received Protected Information wishes to print out any portion of a file provided in electronic format for use in a deposition, hearing, pleading, or at trial, that Party

shall be responsible for ensuring that any such printouts display a legend reflecting the appropriate confidentiality designation and production numbers of the underlying electronic file.

9. **Written Discovery Responses**. For interrogatory answers, responses to requests for admissions, or other written discovery, counsel for the Producing Party will place a statement in the answers, responses, or written discovery specifying that the answers, responses, or written discovery, or specific parts thereof, contain Confidential Information. In addition, counsel for the Producing Party will place the applicable CONFIDENTIAL legend on the front page of any set of answers, responses, or written discovery containing Protected Information.

10. **Third Parties**. To the extent that any discovery is taken of persons who are not Parties to this Action (the "Third Parties") and in the event that such Third Parties contend that discovery sought involves Protected Information, then such Third Parties may agree to be bound by this Order and avail themselves of the protections provided by this Order. Third Parties may designate as CONFIDENTIAL any documents, information or other material, in whole or in part, produced by such Third Parties.

11. **Depositions**. Parties and Third Parties may, at a deposition or within ten (10) business days after receipt of a deposition transcript, designate the deposition transcript, or any portion thereof, as CONFIDENTIAL pursuant to this Order. Access to the deposition transcript so designated (along with exhibits so designated) shall be limited in accordance with the terms of this Order. Until expiration of the ten-business-day period, the entire deposition transcript shall be treated as CONFIDENTIAL.

12. Any party who requests further limits on disclosure (such as "attorneys' eyes only"), may at any time prior to the trial of this action serve upon counsel for the Receiving Party a written notice stating with particularity the grounds of the request. If agreement cannot be

reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 2.G. of this Court's Individual Practices in Civil Cases.

C.   **Restrictions on Access to Protected Information**

13.   Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The Producing Party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure.

14.   For any Protected Information designated CONFIDENTIAL, access to and disclosure of such Protected Information shall be limited, except upon receipt of the prior written consent of the Designating Party or upon order of the Court, to the following persons:

(a)   The Parties, and their parents, affiliates, and subsidiaries, and their respective officers, directors, employees, attorneys, agents, and consultants, to the extent necessary to assist in the prosecution or defense of claims asserted in this litigation; and

(b)   outside counsel of record in this Action for the Parties, including, but not limited to, lawyers and employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) independent litigation support services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, mock jurors who have agreed to abide by and be bound by the terms of this Order by executing the undertaking attached hereto as Exhibit A, and photocopy, document imaging, and database services;

(d) Non-Party experts or other litigation support personnel who are expressly engaged by Outside Counsel of Record to provide expert testimony or to assist in discovery and/or preparation for trial, with disclosure only to the extent necessary to perform such work, and provided such person has agreed in writing to abide and be bound by the terms of this Protective Order by executing the undertaking attached hereto as Exhibit A;

(e) Any mediator or arbitrator assigned by the Parties to this matter, and their staff;

(f) Any author or recipient of the Protected Information as specifically reflected on the face of the document or other material;

(g) A witness in the course of a deposition or trial testimony, provided such person has agreed in writing to abide by and be bound by the terms of this Order by executing the undertaking attached hereto as Exhibit A, provided, however, that a Party may show Protected Information designated CONFIDENTIAL to a witness currently employed by or controlled by the Producing Party or Designating Party without requiring such agreement; and

(h) Any other person as to whom the Designating Party consents in writing.

**D.      Filing of Protected Information Under Seal**

15.     All Discovery Material and information designated as Protected Information pursuant to the provisions of this Order, including deposition transcripts and papers filed or lodged with the Court, shall be filed under seal upon motion compliant with the Local Rules of the United States District Court for the Southern District of New York, the Individual Rules of Practice of Judge Sidney H. Stein, and the Individual Practices in Civil Cases of Magistrate Judge Katharine H. Parker.

**E.      Use of Protected Information**

16.     With respect to Protected Information, subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony or documents marked as exhibits for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; (e) stipulations; and (f) appeals.

17.     Discovery Material produced pursuant to any discovery request in this Action, including but not limited to Protected Information, shall be used by the Parties only in the litigation and appeal in this Action and shall not be used for any other purpose. Persons receiving Protected Information subject to the terms of this Order shall not (1) make such Protected Information public; (2) disseminate Protected Information beyond the extent necessary for this action; or (3) disclose such Protected Information to any person in a manner inconsistent with this Order. Outside Counsel of Record in this action and the Parties hereto shall take reasonable steps necessary to maintain such Protected Information in confidence and prevent persons from using, disclosing, or recording the Protected Information for any other purpose.

18. The protections conferred by this Protective Order cover not only Discovery Material and Protected Information, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, as well as testimony, conversations, or presentations by Parties or their Counsel in Court or in other settings that might reveal such Discovery Material and/or Protected Information.

19. Any person or entity who obtains access to Protected Information or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or description of such Protected Information or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified as Protected Information and subject to all of the terms and conditions of this Order.

20. Nothing in this Order shall preclude any counsel from providing to their clients an evaluation of any Protected Information produced or exchanged in this litigation, provided however, that in rendering such advice and otherwise communicating with their client, counsel shall not disclose the specific contents of any Protected Information produced by another Party if such a disclosure would be contrary to the terms of this Order.

21. Nothing in this Order shall be deemed to prevent the Parties from introducing any Protected Information into evidence at the trial (or appeal) of this Action, or from using any information contained in the Protected Information at the trial (or appeal) of this Action, subject to any pretrial order issued by the Court and the appropriate efforts to keep such Protected Information under seal.

22. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, doctrine, or immunity. By agreeing to the entry of this Order, the Parties adopt no position as to the protected nature of the documents produced subject to provisions of the Order, their authenticity, or their admissibility.

23. The restrictions set forth in this Order shall no longer apply to Protected Information which subsequently becomes public knowledge, unless in violation of this Order.

24. Nothing herein shall be construed to limit in any way a Party's use of its own Protected Information. Additionally, the restrictions set forth in this Order do not apply to a Producing Party or Designating Party's use of its own Protected Information.

F. **Challenges to Designations**

25. A Receiving or Non-Designating Party may request in writing to the Producing or Designating Party that the designation given to any Protected Information be modified or withdrawn. The Receiving or Non-Designating Party shall identify with specificity the document or information to which the challenge is directed and the basis of the challenge. Within three (3) business days of receiving the written challenge, the Producing or Designating Party shall notify the Receiving or Non-Designating Party in writing of the basis of the designation. If such explanation is not satisfactory to the Receiving or Non-Designating Party, the Parties shall follow the Court's procedures for discovery disputes. In any dispute, the Producing or Designating Party shall bear the burden to show that such designation is proper. Pending the Court's resolution of any dispute over designation, the designation of the Producing or Designating Party shall be maintained.

26. Unless a prompt challenge to a Producing Party's or Designating Party's confidentiality designation is necessary to avoid foreseeable and substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to challenge the propriety thereof.

### G. Inadvertent Disclosure

27. A designation of Protected Information may be made at any time. Inadvertent or unintentional production of Protected Information that has not been designated as Protected Information shall not be deemed a waiver in whole or in part of a claim for CONFIDENTIAL treatment. *See* Fed. R. Evid. 502(b). Any Party that inadvertently or unintentionally produces Protected Information without designating it as such may request destruction of the Protected Information by notifying the Receiving Party, as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Information that is properly designated. The Receiving Party shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon. *See* Fed. R. Evid. 502(b)(3); Fed. R. Civ. P. 26(b)(5)(B). The Receiving Party and other authorized recipients of such information shall not be responsible for any otherwise proper actions it or they took with respect to such information before receiving notice of the designation.

28. The Parties shall take reasonable steps to prevent disclosure of information covered by the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunities, against disclosure. *See* Fed. R. Evid. 502(b)(2). If any document, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine

or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall, upon request, gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party. *See* Fed. R. Evid. 502(b)(3); Fed. R. Civ. P. 26(b)(5)(B).

29. In the event of any disclosure by a Non-Designating Party of a Designating Party's Protected Information other than in the manner authorized by this Order, counsel for the Party responsible for the disclosure shall immediately notify counsel for the Designating Party of the facts and circumstances of such disclosure, including the identity of the unauthorized recipient(s) and the specific Protected Information disclosed to such person(s), and shall make every effort to prevent further unauthorized disclosure by, among other steps, retrieving all such disclosed material and copies of such materials and making good faith efforts to have all unauthorized recipients to whom disclosure was made destroy any copies of the Protect Information and agree in writing to abide by and be bound by the term of this Order.

**H.     Non-Waiver and Reservation of Rights**

30. This Order is intended to provide a mechanism for the handling of Protected Information where there is no objection to its disclosure or production other than on grounds of

confidentiality. Each Party reserves the right to object to any disclosure of information or production of any documents or other discovery materials on any other ground it may deem appropriate.

33. Nothing in this Order shall be construed as a waiver of the Receiving Party's ability to challenge the Producing Party's privilege designations. In any such challenge, the Receiving Party shall not rely upon the contents of the supposedly inadvertently produced documents, information, or other material.

32. Any Party may move for relief from, or modification of, this Order, the mechanisms for maintaining confidentiality set forth in this Order, and/or the application of this Order in any particular circumstance.

**I.**     **Duration and Termination of Action**

33. Within sixty (60) days of final termination of this Action, including any appeals, all Protected Information, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof, shall at the Designating Party's election, be either returned to the Designating Party or destroyed. The Non-Designating Party shall verify the return or destruction by affidavit furnished to the Designating Party, upon the Designating Party's request. However, outside counsel for a Non-Designating Party may retain file copies of any pleading, transcript (for each deposition, hearing, and trial), trial or motion exhibits, discovery responses and any exhibits thereto, and attorney work product, regardless of whether it includes or describes Protected Information.

34. If any Party is served with any subpoena or other request for production of Protected Information produced by another Party in connection with any proceeding before any court or other judicial, arbitral, administrative, or legislative body, the Party to whom the subpoena

or other request is directed shall immediately give written notice thereof to each Designating Party who has designated such Protected Information and shall provide each Designating Party with an opportunity to move for a protective order regarding the request for production of Protected Information. If a Designating Party does not take steps to prevent disclosure of such documents within five (5) business days of the date written on the notice, the Party to whom the subpoena is directed may produce such documents in response thereto. If a Designating Party does take steps to prevent disclosures with the five business-day period, then the requested Protected Information shall not be disclosed until a Court order compelling production is issued.

35. The termination of this Action shall not relieve counsel or other persons obligated hereunder from their responsibility to comply with all provisions of this Order.

36. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Information for enforcement of the provisions of this Order, even following termination of the Action.

37. The Headings in this Order are provided solely for ease of reference and do not limit the Order in any way.

Dated: New York, New York
January 23, 2024

| **GODDARD LAW PLLC** | **DORSEY & WHITNEY LLP** |
|---|---|
| By: /s/ Siobhan Klassen | By: /s/ Nicholas J. Pappas |
| Megan S. Goddard | Nicholas J. Pappas |
| Siobhan Klassen | Elizabeth R. Baksh |
|  | Krista E. Bolles |
| 39 Broadway, Suite 1540 | 51 West 52nd Street |
| New York, New York 10006 | New York, New York 10019 |
| Tel: (646) 504-8363 | Tel: (212) 415-9200 |
| megan@goddardlawnyc.com | pappas.nicholas@dorsey.com |
| siobhan@goddardlawnyc.com | baksh.elizabeth@dorsey.com |
|  | bolles.krista@dorsey.com |
| *Counsel for Plaintiff* |  |

-and-

Jeffery S. Klein
CLARICK GUERON REISBAUM LLP
220 Fifth Avenue, 14th Floor
New York, New York 10001
Tel: (646) 398-5071
jklein@cgr-law.com

*Counsel for Defendant*

*This protective order may be amended for good cause shown.*

SO ORDERED:

Dated: January 24, 2024
New York, New York

SIDNEY H. STEIN
United States District Judge

15

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMILY MORRISON,<br><br>                              *Plaintiff,*<br><br>        v.<br><br>SCOTIA CAPITAL (USA) INC.,<br><br>                              *Defendants.* | Case No. 1:21-cv-01859-SHS |

**UNDERTAKING REGARDING PROTECTIVE ORDER**

I have been provided a copy of the Stipulated Protective Order entered in this lawsuit captioned *Emily Morrison v. Scotia Capital (USA) Inc.*, No. 1:21-cv-01859-SHS (S.D.N.Y.).

1.      I have read in its entirety and understand the Stipulated Protective Order that was issued in the above referenced action.

2.      I agree to comply with and abide by all the terms of the Stipulated Protected Order and that I will not disclose in any manner any information or item that is subject to this Stipulated Protected Order to any person or entity, except in strict compliance with the Stipulated Protective Order.

3.      Promptly upon termination of the Action, depending on the election of the Designating Party, I will either (a) return to the outside counsel with whom I was affiliated for return to the Designating Party; or (b) destroy all documents designated as "CONFIDENTIAL" "that came into my possession and all documents and things that I have prepared related thereto.

4.      For the purposes of enforcing the terms of the Stipulated Protective Order, I hereby submit myself to the jurisdiction of the court in the above referenced action.

I declare under penalty of perjury that the foregoing is true and correct.

Printed Name: _____
Signature: _____
Date: _____