```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/29/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

EMILY MORRISON,

                                  Plaintiff,

                 -against-

SCOTIA CAPITAL (USA) INC.,

                                  Defendant.
------------------------------------------------------------------X

**ORDER**

**21-CV-1859 (SHS) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

       This is an employment action in which Plaintiff asserts claims of gender discrimination,

sexual harassment, hostile work environment, unequal pay, and retaliation in violation of

federal and state laws.  Plaintiff has moved for a protective order to prevent Defendant from

serving ten subpoenas on potential employers and recruiters that Plaintiff has stated she used

to mitigate her damages and seek new employment.  (ECF No. 94.)  For the reasons set forth

below, Plaintiff's motion is GRANTED.

**The Proposed Subpoenas**

       Plaintiff represents that she has already produced all documents in her control that

reflect her efforts to mitigate damages.  (ECF No 94.)  Defendant contends that Plaintiff has

only produced emails that "purport[] to confirm that Plaintiff submitted a job application." (ECF

No. 97.) Therefore, Defendant seeks to subpoena ten different non-party entities (the "Non-

party Entities") that Plaintiff identified as entities she contacted or sought to work for in her

effort to mitigate her damages following the end of her employment with the Defendant.

Plaintiff is not employed at any of the Non-party Entities, but is concerned that these

subpoenas would impede her ability to get a job in the financial sector "in which Plaintiff has

1

been applying" since the sector is "relatively insular" and jobs are "obtained through word of mouth."

Nine of the Defendant's ten proposed subpoenas seek production of documents responsive to six distinct requests (the "Six Requests").  They seek:

1. All documents and communications concerning Emily Morrison and Emily Morrison's efforts, if any, to obtain employment from an employer other than Howard Weil or SCUSA from January 1, 2003 to the present, including but not limited to job applications, resumes, cover letters, drafts, notes and summaries regarding Emily Morrison and her search for or pursuit of employment (including self-employment), evaluations of Emily Morrison as a candidate for employment, documents concerning Emily Morrison's career plans, objectives and goals, materials created in preparation for interviews or networking, offers of employment, rejection letters, correspondence with recruiters or headhunters, emails, text messages and instant messages.

2. All documents and communications you have prepared or engaged in concerning Emily Morrison, including but not limited to documents and communications concerning SCUSA's termination of her employment, Emily Morrison's employment experience, employment qualifications and skills, employment prospects, employment or career objectives and goals, search for or pursuit of employment opportunities, evaluations of Emily Morrison as a candidate for employment or other gainful activity, and any notes or summaries concerning the same.

3. All documents and communications concerning every position of employment (including self-employment) or other gainful activity that Emily Morrison has applied for, expressed interest in, or otherwise sought or pursued from January 1, 2003 to the present.

4. All documents and communications concerning any business or business venture that Emily Morrison has started, attempted to start, contributed to or in which she has otherwise been involved, other than Howard Weil and SCUSA, from January 1, 2003 to the present.

5. All documents and communications you have produced or provided to Emily Morrison or anyone acting on her behalf, including but not limited to her attorneys, that relate in any way to Emily Morrison's job search, employment qualifications or the Lawsuit.

6. All documents and communications you have received from any third parties referring to, relating to or regarding Emily Morrison, Emily Morrison's employment qualifications and skills, job search, employment applications, professional networking and other efforts to obtain employment, employment prospects, employment and career objectives and goals, Elysian, Emily Writes or other business ventures in which Emily Morrison has been involved, or the Lawsuit.

For one of the ten proposed subpoenas, directed to an employee of First Horizon Bank, Defendant seeks documents responsive to nine different requests (the "First Horizon Subpoena").  All nine requests seek information related to Ms. Morrison's medical and therapeutic records, including:

- All records, documents, and information regarding any physical, mental, emotional, stress-related, or psychological illness, impairment, condition, or ailment regarding Emily Morrison from January 1, 2004 to the present.

- All documents concerning opinions, evaluations, assessments, therapy, or treatment pertaining to any illness, impairment, condition, or ailment of Emily Morrison from January 1, 2004 to the present.

- All audio or video recordings made of any appointments or sessions with Emily Morrison.

**Legal Standard**

Under Federal Rule of Civil Procedure 26(b)(1) ("Rule 26(b)(1)"), a party may seek any discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the

parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Third-party subpoenas pursuant to Rule 45 are "subject to Rule 26(b)(1)'s overriding relevance requirement." *In re Refco Secs. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. Feb. 14, 2011).

A party may seek a protective order if the discovery sought would subject the party to annoyance, embarrassment, oppression or undue burden or expense.  Fed. R. Civ. P. 26(c).  In discrimination cases like this one, whether a defendant employer can subpoena records from entities that are potential employers of the Plaintiff subsequent to her employment with the defendant is an issue often brought to courts for resolution. Courts within the Second Circuit have recognized that drawing a present employer into a dispute involving a plaintiff's prior employer can have negative effects on the plaintiff's employment.  For this reason, courts within the Second Circuit typically require relevant information about subsequent employment to be obtained through less intrusive means; usually, through the plaintiff.  *Abdelsayed v. New York Univ.*, No. 17CV9606VSBKHP, 2019 WL 2336533, at *2 (S.D.N.Y. June 3, 2019)(collecting cases).   Non-party subpoenas to subsequent employers should be "a last resort." *Warnke v. CVS Corp.*, 265 F.R.D. 64, (E.D.N.Y. 2010).

**Discussion**

Defendant's subpoenas seek some information that is relevant to proving damages at trial, namely Plaintiff's efforts to mitigate her damages.  Plaintiff "has an obligation to attempt to mitigate her damages by using 'reasonable diligence in finding other suitable employment.'" *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 695 (2d Cir. 1998) (quoting *Ford Motor Co. v.*

*Equal Employment Opportunity Commission*, 458 U.S. 219, 231 (1982)). However, "this obligation is not onerous and does not require [the Plaintiff] to be successful." *Id.* Defendant is correct that an "employer. . . bears the burden of demonstrating that a plaintiff has failed to satisfy the duty to mitigate." *Sanderson v. Leg Apparel LLC*, No. 1:19-CV-8423-GHW, 2024 WL 898654, at *2 (S.D.N.Y. Mar. 1, 2024)(quoting *Broadnax v. City of New Haven*, 415 F.3d 265, 268 (2d Cir. 2005)). However, all nine requests in the First Horizon Subpoena concern Plaintiff's medical treatment – information that would not be within the custody and control of a prospective employer. The Court assumes that these requests were erroneously attached to the First Horizon Subpoena, but in any event, these requests are clearly improper if directed at a prospective employer due to their potential revelation of private medical information. Accordingly, they may not be included in any subpoena directed at a future employer. Additionally, the temporal scope of all ten subpoenas goes back to 2003. But, Plaintiff's employment did not terminate until 2020 and Plaintiff was under no duty to mitigate until she was aware that her employment was terminating due to the closure of Defendant's Louisiana Office. Because the stated purpose of the subpoenas is to gather information on mitigation, all ten subpoenas are overbroad and request irrelevant information from a period when mitigation is not an issue. Thus, the subpoenas may not include a request for documents for time periods before Plaintiff was under a duty to mitigate.

Although information concerning mitigation of damages is relevant, the Court also must consider the proportionality of the requests. Each of the Six Requests seeks "all documents and communications." This type of request on its face is presumptively improper. *See Optionality Consulting Pte. Ltd. v. Edge Technology Group LLC,* No. 18-CV-5393, 2022 WL 1977746, at *3-4

(S.D.N.Y. June 3, 2022) (quashing requests for "all documents and communications," which were overbroad and "presumptively improper.")  Additionally, as noted above, the requests seek documents from as early as 2003, a grossly overbroad time period.   While it is true that Defendant does not have access to the information sought, it does have the opportunity to depose Plaintiff and learn more from her before issuing third-party subpoenas.  Further, the breadth of the information sought is not tailored to the core issue of mitigation, nor proportional to the needs of the case.  Defendant may demonstrate a failure to mitigate by establishing that "suitable work existed" and the plaintiff "did not make reasonable efforts to obtain it." *Dailey v. Societe Generale*, 108 F.3d 451, 456 (2d Cir. 1997).  An assessment of the reasonableness of the plaintiff's efforts is both qualitative and quantitative and looks at the "individual characteristics of the claimant and the job market." *Id.* (cleaned up).  The Six Requests here seek far more than is necessary to evaluate Plaintiff's mitigation efforts with each of the non-parties and the information sought is better obtained directly from Plaintiff who can testify to her career plans, objectives and goals, materials created in preparation for interviews or networking and her self-employment.  Thus, the breadth of the information sought in the ten subpoenas is disproportionate to the needs of the case.

Finally, the Court must consider the potential for the subpoenas to cause annoyance, embarrassment, oppression or undue burden or expense on the Plaintiff and the non-party entities.  *See* Fed. R. Civ. P. 26(c).  When considering whether a subpoena to a prospective employer is appropriate, courts must assess the potential of the former employer's actions to impede the Plaintiff from securing new employment. *See Warnke v. CVS Corp.*, 265 F.R.D. 64, 69 (E.D.N.Y. 2010)( "[b]ecause of the direct negative effect that disclosures of disputes with past

employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort.")(internal citations omitted).  Defendant argues that in this case, the non-parties it proposes to subpoena have not offered Plaintiff jobs and there is no risk to her future employment.  This argument is unpersuasive because it is unclear whether these non-parties might have jobs in the future or be references in the future given what Plaintiff characterizes as the alleged insularity of the financial services sector.

The cases that Defendant cites as to why its subpoenas should be permitted are distinguishable because they involved subpoenas seeking information relevant to other issues in case, not just mitigation of damages.  *Gambale v. Deutsche Bank*, was not merely concerned with burdens imposed on a non-party entity, as the Defendant suggests.  2003 U.S. Dist. LEXIS 27412, *2 (S.D.N.Y. Jan. 10, 2003)(noting that the information sought by the Defendants from headhunting firms was not relevant because, "they have [Plaintiff's] detailed resume," and plaintiff had already testified to when she spoke with job search firms; quashing subpoenas finding that that the information sought was not relevant and instead directing plaintiff to provide more detailed information on mitigation in an affidavit); *Sherman v. Fivesky, LLC,* 2020 U.S. Dist. LEXIS 157998, at * 6, 15-16 (S.D.N.Y. Aug. 31, 2020) (case involved subpoena to Plaintiff's current employer which was also implicated in defendant's counterclaim for violation of defendant's non-compete agreement with the plaintiff); *Ghonda v. Time Warner Cable, Inc.*, 2017 U.S. Dist. LEXIS 11769, at *7 (E.D.N.Y. Jan. 27, 2017) (case involved subpoena to former employer where the plaintiff was accused of lodging similar complaints of discrimination as against the Defendant, which was relevant for defenses unrelated to mitigation); *Johnson v. J. Walter Thompson U.S.A. LLC,* 2017 U.S. Dist. LEXIS 111548 at *6, 17 (S.D.N.Y. July 18, 2017)

(subpoenas sough information from potential employer that may have extended a higher-paying offer to the plaintiff while still employed at the defendant; subpoena was therefore relevant to plaintiff's state of mind, the extent of her emotional distress, and claims of damage to her reputation).

In sum, the Court finds that the subpoenas are improper at this time and as worded are overbroad.

### Conclusion

For the reasons stated above, Plaintiff's request for a protective order is GRANTED.  If, after Plaintiff's deposition, the record demonstrates that further third-party discovery is warranted, Defendant may file a motion seeking leave for such discovery.

**The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 94.**

**SO ORDERED**.

Dated: May 29, 2024
       New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge