USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/7/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EMILY MORRISON,

                               Plaintiff,

        -against-

SCOTIA CAPITAL (USA) INC.,

                              Defendant.
-----------------------------------------------------------------X

**OPINION AND ORDER
REGARDING DEPOSITIONS**

**21-CV-1859 (SHS) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

The parties in this case have raised multiple issues concerning anticipated depositions and requested a conference to resolve the issues. The Court has reviewed the parties' submissions and finds that no conference is needed and that it can resolve the issues based on the parties' submissions.

The two major issues are Plaintiff's objection to Defendant's request to take 14 hours of Plaintiff's deposition and Defendant's objection to Plaintiff's deposition notice for the deposition of the former Chief Executive Officer of its parent company, Brian Porter. These issues have been raised in letter motions. (Dkt Nos. 96, 101, 102.) Additionally, Plaintiff seeks court-ordered deposition dates on the ground that Defendant had not yet confirmed dates she noticed for eight depositions to take place during the month of July. Each issue is addressed below.

1. *Length of Plaintiff's Deposition*

Federal Rule of Civil Procedure sets a presumptive limit of seven hours for depositions. Fed. R. Civ. P. 30(d)(1). "The court must allow additional time consistent with Rule 26(b)(1) and

1

(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id*. The Rule also provides for sanctions on any person who delays or frustrates the deposition. Fed. R. Civ. P. 30(d)(2).

Defendant cites several reasons for why it cannot take Plaintiff's deposition in 7 hours, including the length of the complaint, the length of Plaintiff's employment period and time span of claims, its lack of familiarity with certain facts, and Plaintiff's interrogatory responses. While these factors very well might necessitate additional hours, it is possible that Defendant could sufficiently probe Plaintiff regarding her claims in 7 hours and probably in less than 14 hours. Accordingly, the Court finds that the request to depose Plaintiff for 14 hours is premature. The Court assumes Defendant will carefully consider its questions and be strategic and non-redundant in questioning, that Plaintiff will answer questions directly and succinctly, that counsel will comply with their obligations during depositions and not engage in any long colloquies, and that no improper objections to deposition questions will be made. If it turns out that Defendant is not able to complete the deposition within seven hours, the Court expects Plaintiff to cooperate in agreeing to additional time. Indeed, the Advisory Committee Notes to Rule 30 expressly state that "[i]t is expected that in most instances the parties and the witness will make reasonable accommodations" for additional deposition time if warranted "to avoid the need for resort to the court." 2000 Advisory Committee Notes to Rule 30(d). They also expressly note that depositions that "cover events occurring over a long period of time," such as in this case, may require more than 7 hours. *Id*. If the parties cannot agree on additional time, then Defendant may apply to continue the deposition so it may complete the deposition. The Court trusts this will not be necessary. Indeed, if the Court finds that Plaintiff is unreasonable in

2

refusing to allow additional time or unreasonably delays or frustrates the deposition, she will be subject to sanctions, including fees incurred in having to apply to the Court for additional time. Accordingly, the Defendant's motion to extend the deposition time is denied without prejudice.

2. **Deposition of Brian Porter**

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and requires that even relevant discovery be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Rules also provide for issuance of a protective order to protect a party from, among other things, unreasonably cumulative or burdensome discovery. Fed. R. Civ. P. 26(b)(2)(C)(i). As a general rule, courts often require parties to depose lower-level executives before seeking or taking depositions of high-level executives who are often far removed from the pertinent facts. That is, the so-called apex doctrine supplies "an additional layer of protection for senior corporate executives subject to depositions." *Iowa Pub. Emps.' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 17 Civ. 6221, 2020 WL 6273396, at *1 (S.D.N.Y. Aug. 28, 2020) (quoting *Scott v. Chipotle Mexican Grill Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015)). Absent a showing that the executive "has unique evidence, personal knowledge of the claims at issue," and "other witnesses incapable of providing testimony about the conduct alleged," the executive is safeguarded from being deposed. *Id*. See also *Harapeti v. CBS Television Stations Inc.*, 21 Misc. 680, 2021 WL 3932424 (S.D.N.Y. Sept. 2, 2021) (collecting cases).

Plaintiff seeks to depose Brian Porter, the former Chief Executive Officer of the Bank of Nova Scotia, the parent company of Plaintiff's former employing entity, defendant Scotia Capital (USA) Inc. ("SCUSA"). Porter was CEO from November 1, 2013 to January 31, 2023. Prior to that, he served as the Bank's Chief Risk Officer. Porter did not supervise Plaintiff and did not

3

supervise the New Orleans office operations—the office in which Plaintiff was employed. The Bank sponsored a Scotiabank Photography Award during a period of time—an award that recognized outstanding contemporary photographers. The Bank also sponsored production of a book of photos from these photographers. Porter signed short letters stating in sum and substance that the Bank was pleased to recognize the talented photographers and support Canadian artists, culture and heritage and congratulating the winner of the award. Porter submitted a declaration stating that he was not involved in the selection of content included in the award book, the selection of the winner or the selection of clients who were given a copy of the award book. He also attested that although he was aware that his signature appeared on the congratulatory letter, his support staff processed letters and put his signature stamp on the letter. He also attested that although he traveled two or three times to the Bank's New Orleans office over his tenure and gave welcoming remarks to clients attending a conference there, he does not recall meeting Plaintiff while visiting the New Orleans office or knowing anything about her while she was employed, as the individuals who supervised her were several levels below him in the organization.

     For her part, Plaintiff says that she did meet Porter when he visited and that he met principally with male employees and not female employees of the office. She contends that Porter's deposition testimony about his limited interactions with her and other women is relevant to her allegation that the Bank treated women differently. She also states that Porter has knowledge about the closure of the New Orleans office and certain policies of the Bank. However, Plaintiff is also deposing eight other individuals who have far more knowledge of topics relevant to this case and that is redundant of information that Porter has. These include:

4

Jake Lawrence (Group Head and CEO, Global Banking and Markets, New York) who reported to Mr. Porter, James Snyder (Former Director, U.S. Equity Sales and Plaintiff's comparator), Jim Morris (Global Co-Head of Equity Sales and Trading, and responsible for overseeing the New Orleans office), John McGuire (Former MD, Head of U.S. Equity Sales and Trading, New York; Jim Morris reported to him), Paul Pursley (Former Managing Director and Head of the Howard Weil Division of SCUSA), Pryn Haskins (Global Head of Equities, Global Banking and Markets and decision maker for the reduction in force), Anna Maria Yaroshuk (Former Senior Manager, Employee Relations), and a 30(b)(6) witness(es).

When considering all the factors set forth in Rule 26(b)(1), Porter's deposition is not proportional to the needs of the case given his limited knowledge of Plaintiff and the information that can be obtained from the other individuals to be deposed. The deposition is unnecessarily cumulative and burdensome, especially considering that Porter is no longer a current employee of the Bank. Moreover, the apex doctrine applies here because Porter's affidavit makes clear he does not have unique personal knowledge germane to this case and because other witnesses can provide the same information Plaintiff seeks. Accordingly, Defendant's motion is granted.

3. *Deposition Schedule*

Finally, Plaintiff has asked for the Court to set deposition dates. The Court does not believe that is necessary. It appears that Defendant agrees to the depositions (other than of Porter) and is working to facilitate dates. The Court requests a letter within seven days of this Opinion and Order providing the Court with the mutually-confirmed dates for the eight depositions Plaintiff seeks.

## CONCLUSION

Going forward, the parties are encouraged to meet and confer to attempt to resolve issues such as the ones addressed herein, which should not require Court involvement considering the considerable experience of counsel for both sides. The Court is respectfully requested to terminate the motions at Dkt. Nos. 96, 101 and 102. A case management conference is set for June 27, 2024 at 11:00 a.m.

June 7, 2024
New York, New York

**SO ORDERED.**

_____
Katharine H. Parker
United States Magistrate Judge